O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY FOX, ROSALIE CIRILLO, CAROLINE ELLIOTT, IRMA SALGADO, ANN NAJPAUER, LEILA CREEK,<br><br>          Plaintiffs,<br><br>   v.<br><br>J.P. MORGAN CHASE BANK, a busines entity, form unknown; BRETT ANDRIOTTI,<br><br>          Defendants. | Case No. CV 11-06865 DDP (JCx)<br><br>**ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED FOR LACK OF JURISDICTION** |

    The court orders the parties to show cause why this case should not be remanded for lack of subject matter jurisdiction. Plaintiffs, citizens of California, filed suit in California Superior Court against Defendants asserting purely state law claims. Defendant J.P. Morgan Chase Bank, N.A. ("J.P. Morgan") alleges it is a citizen of Ohio. (Notice of Removal; Ex. A.)

    Defendant filed its notice of removal on August 19, 2011, asserting that this Court has diversity jurisdiction pursuant to 28 U.S.C. §§ 1332. In its notice of removal, J.P. Morgan asserts that

individual defendant Brett Andriotti ("Andriotti"), a California citizen, is a sham defendant.  (Notice of Removal at 1.)

A defendant may remove a case from state court to federal court if the case could have originally been filed in federal court.  28 U.S.C. § 1441(a); see also Snow v. Ford Motor Co., 561 F.2d 787, 789 (9th Cir. 1977).  "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States[.]"  28 U.S.C. § 1332(a)(1).  The removal statute is strictly construed against removal jurisdiction, and federal jurisdiction must be rejected if any doubt exists as to the propriety of removal.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Plaintiffs' complaint refers to Defendant Brett Andriotti, as well as other individuals who also appear to be California citizens and are alleged to have engaged in conduct similar to Andriotti's. Of these individuals, only Andriotti is named as a defendant, and then only by one of the six Plaintiffs in one of the five causes of action.  Nevertheless, the complaint's numerous references to Andriotti, with respect to multiple Plaintiffs(See, e.g. Complaint ¶¶ 31, 34, 46, 80), raises concerns with the court that Andriotti is not a sham defendant, and that complete diversity of citizenship may not in fact exist.

The court therefore orders the parties to file cross-briefs, not to exceed ten pages, within 14 days of the date of this Order, to show cause why this action should not be remanded to state court

///

///

for lack of subject matter jurisdiction.  The court will interpret either party's failure to file such motion as consent to remand. IT IS SO ORDERED.

Dated: September 2, 2011

DEAN D. PREGERSON
United States District Judge